**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawanda Denise Meabon, | No. CV11-0940-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff moves to proceed in forma pauperis. Doc. 3. For the reasons that follow, the Court will deny the motion.

Federal civil proceedings in forma pauperis are governed by 28 U.S.C. § 1915. Although the statute on its face applies to actions involving prisoners, this circuit has applied it to civil cases involving non-prisoners. *E.g.*, *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369-70 (9th Cir. 1987). An applicant for in forma pauperis status must credibly show that she in unable to pay court costs and that her action has merit. *Id.* A complaint that fails to state a claim lacks merit. *Id.* at 1370; *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Pro se complaints must be construed liberally, and dismissals for failure to state a claim cannot be with prejudice unless it is absolutely clear amendment would be futile. *Tripati*, 821 F.2d at 1370. The complaint in this case, construed liberally, fails

to plead enough facts from which the Court may conclude Plaintiff has a plausible claim for relief.

As a threshold matter, the complaint is peppered in large part with formalistic language that appears to have little or no bearing on this case. The statutes under which the complaint appears to be brought, 18 U.S.C. §§ 241 and 242, are criminal statutes. This is a civil complaint, however, and Plaintiff has not shown the cited statutes provide a civil remedy in light of the facts alleged. Plaintiff also invokes this Court's admiralty jurisdiction, but fails to plead facts showing this jurisdiction is applicable. Plaintiff's statements about debts and secured party creditor rights are confusing, as no facts have been pled alleging that any party has a debt. Moreover, Plaintiff's statements about IRS 1099-A forms are equally confusing, as no facts have been pled showing the relevance of these forms. The allegations that Plaintiff is a "foreign agent" acting for a "foreign state" appear to be frivolous.

The only colorable allegations in Plaintiff's complaint appear to be that she was charged with driving on a suspended driver's license, that she was acquitted, that these charges stemmed from racial profiling, and that there was a conspiracy to violate her constitutional rights. Doc. 1 at 3-4. Plaintiff may be trying to state a claim under 42 U.S.C. §§ 1983 and 1985, but she has not pled sufficient facts to state plausibly that the charges were racially-motivated or that there was an agreement to interfere with her civil rights. Assuming Plaintiff's factual allegations are true – that she is part of a protected class, was charged with a traffic violation, and was acquitted of the charge – the Court has no factual basis from which to conclude that the arresting officers, the prosecutors, or other defendants acted as they did because of Plaintiff's race, that race was a factor motivating the actions, or that there existed a conspiracy to interfere with Plaintiff's civil rights. Nor does Plaintiff show how the alleged acts themselves – stopping a motorist suspected of driving with a suspended license – violated the constitution or federal law absent considerations of race.

The motion to proceed in forma pauperis is denied without prejudice because the

complaint fails to state a claim.  Plaintiff may file an amended complaint that contains clear facts stating what happened, why she believes that she was racially profiled or discriminated against, and what constitutional or statutory rights she believes were violated.  To enhance the clarity of her allegations, Plaintiff should avoid using old-fashioned or formalistic language – short, plain statements of fact should be sufficient. *See* Fed. R. Civ. P. 8.  Plaintiff may include references to the constitution, statutes, and other sources for rights she believes were violated.  Plaintiff may have until **September 9, 2011**, to file an amended complaint.  Plaintiff may also file a renewed motion to proceed in forma pauperis after filing the amended complaint.

**IT IS ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied** without prejudice.

2. Plaintiff shall have until **September 9, 2011** to file an amended complaint. The Clerk shall terminate this action without further notice if Plaintiff fails to comply with this deadline.

Dated this 10th day of August, 2011.

_____
David G. Campbell
United States District Judge