**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawanda Denise Meabon,<br><br>Plaintiff,<br><br>v.<br><br>Town of Gilbert Police Department, et al.,<br><br>Defendants. | No. CV-11-0940-PHX-DGC<br><br>**ORDER** |

Pro Se Plaintiff Lawanda Denise Meabon filed an amended complaint against the Town of Gilbert Police Department; Larry E. Sinks, a Gilbert Police Officer; the Gilbert Town Prosecutors Office; Lynn R. Arouh, a Gilbert Town Prosecutor; and Jack C. Pemberton, a Gilbert Assistant Town Prosecutor (collectively "Defendants"). Doc. 9. Defendants have filed a motion for summary judgment. Doc. 57. The motion has been fully briefed (Docs. 57, 58), and neither party has requested oral argument. For the reasons that follow, the Court will grant summary judgment to Defendants and against Plaintiff.[1]

**I.    Background.**

The following facts are based on the allegations in Plaintiff's first amended

---

[1] After Defendants filed their reply, Plaintiff filed "Plaintiff's amended responsive pleading to Defendants (57) motion for summary judgment" (Doc. 63), which the Court will construe as an attempt to file an unauthorized sur-reply. Such replies are not permitted under the Federal Rules of Civil Procedure or the Court's Local Rules. In light of Plaintiff's pro se status, the Court has nonetheless considered the additional material in the sur-reply and finds that it does not change the outcome in this case.

complaint and are not disputed by Defendants. Plaintiff alleges that on or about February 7, 2010, she arrived on the scene of a traffic stop, already in progress, in which Officer Larry Sinks had stopped her cousin, Trevor Reed, for speeding. Doc. 9 at 2-3. Plaintiff alleges that she arrived in a blue Suzuki driven by Schamarge Brown and left in the same vehicle driven by Reed while Brown left the scene driving Reed's vehicle. *Id.* at 3. While at the scene, Officer Sinks confirmed Plaintiff's name and date of birth and questioned her about her relationship to Reed and his passengers. *Id.* He also stated that Reed would receive a citation by mail. *Id.*

On or about May 19, 2010, Plaintiff alleges that she received a summons to appear in Gilbert Municipal Court on charges filed against her by Gilbert Prosecutors Jack C. Pemberton and Lynn R. Arouh, claiming that on or about February 7, 2010, she had been driving on a suspended license. *Id.* Plaintiff appeared in court and, upon being presented with a plea offer that would impose a suspended jail term, three years of probation, and a $608.00 fine, declined the offer and sought a continuance to conduct discovery. *Id.* at 4.

Plaintiff alleges that she secured a copy of the complaint which showed that Officer Sinks had made statements in his police report that he had seen Plaintiff driving when her privilege to do so had been suspended. *Id.* Plaintiff alleges that Officer Sinks also stated that Jerry Robinson, the registered owner of the blue Suzuki, was the driver of that vehicle when it arrived with Plaintiff at the scene of the traffic stop, while Plaintiff alleges that Brown was the driver and that Robinson has made a sworn statement that he was nowhere near the scene on the day of the traffic stop. *Id.* Plaintiff alleges that the police report also falsely states that Robinson was both the driver of the blue Suzuki that arrived at the scene as well as the vehicle Officer Sinks initially stopped. *Id.* at 6.

Plaintiff alleges that she was not driving on the day of the traffic stop, and she subsequently had to make eight continued court appearances – each time rejecting the same proffered plea – while preparing to defend herself against the false charges stemming from Officer Sinks' report. *Id.* at 5. Plaintiff's trial was held on March 2, 2011. *Id.* She alleges that Officer Sinks provided false information at trial, including that

she was driving on February 7, 2010, and that Robinson, not Brown, was the one who drove the blue Suzuki to the location where Officer Sinks had stopped Reed. *Id.* at 5-6.

Plaintiff called Brown and Reed as witnesses to provide evidence that she was not driving and to refute the allegedly false statements contained in Officer Sinks' testimony and report. *Id.* at 6. Plaintiff was acquitted of the charges against her, and the complaint was dismissed with prejudice. *Id.* Plaintiff subsequently filed this amended complaint, alleging that Officer Sinks provided false testimony against her and that the prosecutors also misled the court and acted in bad faith. *Id.* at 4-6.

The amended complaint asserts violations of 42 U.S.C. § 1983 stemming from the allegations that Officer Sinks falsified information in his police report and at trial and that the prosecutors "violated plaintiff's civil rights by committing malicious prosecution and depriving plaintiff of her 14th Amendment right to liberty." *Id.* at 5. The amended complaint also lists, in serial fashion, a number of allegations such as "defamation of character, harassment, discrimination . . . evasion of constitutional rights", etc. that could be construed as additional claims. *Id.* at 7.

## II.     Standard for Summary Judgment.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.   Discussion.**

Defendants argue that they are entitled to summary judgment as a matter of law because Plaintiff fails to offer evidence to support the necessary elements of her § 1983 claims. Doc. 57 at 3-4. Defendants additionally argue that Plaintiff's § 1983 claims fail as to Defendants Arouh and Pemberton because prosecutors have absolute immunity for conduct undertaken in pursuit of a criminal prosecution and as to Officer Sinks because, as a witness at trial, he is entitled to absolute immunity for his testimony. *Id.* at 4-5. Defendants argue that the Town of Gilbert Police Department and the Town of Gilbert Prosecutors Office are non-jural entities. *Id.* at 5. Defendants also argue that to the extent Plaintiff attempts to make any state law claims, these fail as a matter of law because Plaintiff has failed to serve a notice of claim on any Defendant as required for claims against public employees under Arizona's Notice of Claim Statute. *Id.* at 5-6.

**A.   Plaintiff's § 1983 Claims.**

"To state a claim for relief in an action brought under 42 U.S.C. § 1983, [Plaintiff] must [allege] that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). "It is well settled that section 1983 'imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.'" *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Baker*, 443 U.S. at 146).

Defendants argue that Plaintiff's § 1983 claims based on malicious prosecution fail as a matter of law because they rest entirely on unsupported allegations that Defendants falsified evidence against her, and these allegations are insufficient to show a due process violation. Doc. 57 at 3. Defendants rely on *Freeman v. City of Santa Ana*,

1  68 F.3d 1180, 1189 (9th Cir. 1995), in which the Ninth Circuit stated that "[m]alicious
2  prosecution, by itself, does not constitute a due process violation; to prevail [the plaintiff]
3  must show that the defendants prosecuted her with malice and without probable cause,
4  and that they did so for the purpose of denying her equal protection or another specific
5  constitutional right."  Defendants argue that Plaintiff fails to offer any evidence that they
6  prosecuted her "for the purpose of denying her equal protection or another specific
7  constitutional right."  Doc. 57 at 3 (citing *Freeman*, 68 F.3d at 1189).

8  Plaintiff did not submit a separate statement of facts with her memorandum
9  opposing summary judgment as required under Local Rule of Civil Procedure 56.1(b).
10 Nor did she comply with Federal Rule of Civil Procedure 56(c), which requires that she
11 set out specific facts in declarations, depositions, or authenticated documents, and not
12 merely rely on the allegations in her complaint to support her claims.  *See Celotex*, 477
13 U.S. at 324.  Plaintiff instead merely avers that her amended complaint and other
14 documents "speak for themselves."  Doc. 61 at 2.  This generalized assertion is not
15 sufficient to withstand a motion for summary judgment where the plaintiff "must produce
16 at least some 'significant probative evidence tending to support the complaint.'"  *T.W.
17 Electrical. Serv., Inc. v. Pac. Electrical Contractors*, 809 F.2d 626, 630 (9th Cir. 1987)
18 (internal citation omitted).  Plaintiff, not the Court, bears the burden of finding and
19 presenting evidence in the record.  As the Ninth Circuit has made clear, a "district court
20 need not examine the entire file for evidence establishing a genuine issue of fact, where
21 the evidence is not set forth in the opposing papers with adequate references so that it
22 could conveniently be found."  *Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1031
23 (9th Cir.2001); *see also Martin v. Great Lakes Reinsurance*, 2010 WL 94120, at *1, n.3
24 (D. Ariz. Jan. 6, 2010) (stating that "the Court . . . will not consider facts for which it
25 cannot easily find support").

26 Even if Plaintiff had pointed to specific evidence that Defendants made false
27 statements, such evidence would not present a genuine issue of material fact on whether
28 Defendants acted with malice and with the purpose of denying Plaintiff equal protection

or another specific constitutional right. Moreover, such evidence might simply show negligence or mistake, and violations of the duty of care under tort law are not sufficient to support a § 1983 claim. *Johnson v. Barker*, 799 F.2d at 1399. Although Plaintiff makes conclusory allegations that Officer Sinks "falsified information against me" and "acted in bad faith" (Doc. 9 at 4, 6), she presents no probative evidence on which a reasonable jury could conclude that Officer Sinks acted out of malice toward her and not merely out of negligence or carelessness, particularly where the alleged errors in his report do not pertain exclusively to Plaintiff but extend to other alleged drivers. Furthermore, Plaintiff points to no evidence that Defendants Pemberton and Arouh had reason to think the statements in Officer Sinks' report or testimony were false, thereby showing that they acted with malice or to deprive Plaintiff of her constitutional rights.

Plaintiff does not allege or point to any evidence upon which a reasonable jury could find that her 14th Amendment due process rights were violated. *See* Doc. 9 at 5, 6. The facts alleged in the amended complaint show that Plaintiff was notified of the charges against her, was given the opportunity to accept a plea or request a continuance to prepare for trial, was permitted to conduct discovery and have the trial date continued at least eight times while she prepared her defense, and was permitted to present witnesses on her behalf. Doc. 9 at 3-6. Plaintiff was acquitted of the charges against her at trial, and the complaint against her was dismissed with prejudice. *Id.* at 6. These facts do not support a claim that Plaintiff was denied due process of law. Plaintiff's specific claim that she was deprived of liberty appears to rest solely on the allegation that she was required to defend herself against false charges, but Plaintiff cites no law suggesting that criminal charges alone violate one's liberty interest.

In summary, Plaintiff has failed to present evidence that Defendants acted with malice and the intent to deprive her of her constitutional rights, or that she was denied due process of law. As noted above, summary judgment may be granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex*, 477 U.S. at 322. Because Plaintiff fails to support the factual allegations in her complaint by pointing to probative evidence, Plaintiff's § 1983 claims fail as a matter of law. Having determined that Plaintiff's § 1983 claims fail as a matter of law, the Court need not address Defendants' alternative arguments that Defendants Sinks, Pemberton, and Arouh are entitled to complete immunity or that the Town of Gilbert Police Department and the Town of Gilbert Prosecutor Office are non-jural entities.[2]

### B. Plaintiff's Additional Claims.

To the extent that Plaintiff's amended complaint attempts to make state-law claims, these fail as a matter of law because Plaintiff failed to comply with Arizona's Notice of Claim statute. *Nored v. City of Tempe*, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008). This statute requires that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). The statute further provides that "[a]ny claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." *Id.* Defendants present evidence, undisputed by Plaintiff, that she did not serve a Notice of Claim on any Defendant within 180 days after her trial on March 2, 2011, when her claims against the public entities and employees named in the amended complaint accrued. Doc. 58, ¶ 5 (*see* Affs. of Lynn Arouth, Doc. 58-1 at 2, Jack Pemberton, Doc. 58-1 at 4; Larry Sinks, Doc. 58-1 at 6). Thus, Plaintiff forfeited any potential state law claims.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 57) is **granted**.

---

[2] To the extent Plaintiff attempts to make any additional § 1983 claims, these also fail because Plaintiff only lists in serial fashion a smattering of common-term legal violations without reference to the elements of any particular claims. Plaintiff also fails to present sufficient evidence to support any additional constitutional violation.

2. The Clerk of the Court is directed to terminate this matter.

Dated this 27th day of November, 2012.

_____
David G. Campbell
United States District Judge

- 8 -